```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ALABAMA
                               MIDDLE DIVISION
```

TAMMY WAYNE BLACKBURN,            )
                                  )
          Petitioner,             )
                                  )
v.                                )    CIVIL ACTION NO. 97-AR-2069-M
                                  )
WARDEN HARRELSON and              )
THE ATTORNEY GENERAL FOR          )
THE STATE OF ALABAMA,             )
                                  )
          Respondents.            )

FILED
99 APR 28 PM 1:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 28 1999

## MEMORANDUM OPINION

This is a *pro se* action by Tammy Wayne Blackburn ("the petitioner") challenging the constitutional validity of her 1992 murder conviction in the Marshall County Circuit Court. Pursuant to the usual practices of this court and 28 U.S.C. § 636(b)(1), the matter was referred to a magistrate judge for a preliminary review and recommendation. On February 26, 1999, the magistrate judge entered his report and recommendation that the present petition was due to be dismissed with prejudice as it was filed beyond the one-year statute of limitations and, therefore, barred by 28 U.S.C. § 2244(d).[1] The petitioner filed objections, asserting that her

---

[1] 28 U.S.C. § 2244(d) provides, in pertinent part:

  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State

petition should not be dismissed due to the actions of her former trial and appellate counsel, her inability to obtain a copy of her trial transcript until June 1997, and her limited access to the prison library. She premises her assertion on the tolling provision articulated in subsection 2244(d)(1)(D).

## I.   PERTINENT PROCEDURAL HISTORY

As set forth by the magistrate judge in his report:

> The petitioner was indicted on August 9, 1990, in Marshall County for capital murder during a robbery in the first degree, in violation of *Alabama Code 1975* § 13A-5-40(1) and (2). She was convicted after a jury trial on October 29, 1992, of capital murder. She was sentenced to life without parole on November 25, 1992. The Alabama Court of Criminal Appeals affirmed her conviction on direct appeal on December 30, 1993. *Blackburn v. State*, ___ So. 2d ___, Ms CR-92-0337 (1993). Her petition for a writ of certiorari was denied by the Alabama Supreme Court on April 21, 1995. A certificate of judgment was issued by the Alabama Court of Criminal Appeals on that date.
>
> About July 20, 1997, she sent papers, purporting to be a petition for a *writ of error coram nobis*, to the Circuit Court of Marshall County. On August 1, 1997, the court ordered the Clerk of the Court, pursuant to *Ala. R. Crim. P.* 32.6, to return the papers filed by the petitioner. The order also noted that any subsequent petition that might be filed in compliance with the applicable rules in all probability would be procedurally

---

action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

barred by *Ala. R. Crim. P.* 32.2. (Doct. 9, p. 6, Exh. AA).

Petitioner next filed the current *pro se* petition for writ of habeas corpus alleging numerous constitutional infirmities on August 7, 1997. (Doct. 13, pp. 1-2)(footnote omitted). The record clearly demonstrates that the present petition was filed beyond the one-year limitation provided by the Antiterrorism and Effective Death Penalty Act (AEDPA).

The petitioner now asserts in her objections (doct. 18) and exhibits (docts. 18 and 19) that her failure to timely file is premised upon the actions of her counsel. Specifically, she states that although her conviction became final on April 21, 1995, her counsel, Rodney Ward, did not inform her of the result until August 15, 1995. (Doct. 18, pp. 7-8). She further states that counsel left her with the impression that he was going to take additional steps in her case. She references the August 15, 1995 letter to her from counsel, which provides:

> I am sorry, but the Supreme Court has denied our Petition for Writ of Certiorari, which means this is the end of your appeal in state court. The only other option that I am aware of at this time is to file a Writ of Habeas Corpus with the United States Supreme Court.
>
> As far as your civil action goes, Judge Gullahorn has dismissed the case, which comes as no surprise. I would have preferred to wait and file the case after your appeal process had been successful. With the conviction

    standing the chances of a favorable outcome with sufficient compensation for your injuries was slim.

    We are disappointed with the outcome of both the appeal and the civil action. The appellate courts, however, seem to look for ways to uphold the trial court's rulings, as the trial court generally has a better perspective on the evidence that was presented. Additionally, they are reluctant to set aside a jury verdict. Should you have any questions, please feel free to contact me.

(Doct. 18, Ex. A).

    Thereafter, according to the petitioner, her grandmother, Mrs. Verna Blackburn, was informed in about October 1995 by her former counsel that he and his co-counsel, Walden Buttram, would continue to represent the petitioner. (Doct. 18, p. 11, and Ex. D, p. 1). In 1996, approximately one year later, counsel allegedly informed Verna Blackburn that they had done all they could for the petitioner. (*Id.*). Mrs. Blackburn informed the petitioner. Again, according to the petitioner, Mrs. Blackburn obtained a copy of the petitioner's trial transcript from her former counsel after much difficulty around June 1997. (*Id.*). The petitioner received the transcript soon thereafter and filed her first post-conviction challenge around July 20, 1997.

    It is the purported actions of counsel, the petitioner's inability to obtain a transcript until June 1997, and her limited

access to the law library at the prison[2] that the petitioner asserts warrants this court allowing her to proceed on the merits of her claim. However, as already noted, the present petition is clearly untimely. It was filed approximately two years after the petitioner's state conviction was final, fifteen months after the effective date of AEDPA, and over three months after the one-year grace period authorized by *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209 (11th Cir. 1998).

The petitioner's attempt to invoke "equitable tolling" premised on § 2244(d)(1)(D), which provides that the one-year period is to commence on the date the facts supporting the claim could have been discovered through the use of due diligence, is due to fail. The present claims are premised on events or actions occurring at trial or on appeal (*e.g.*, denial of a fair trial, ineffective assistance of counsel, admission of hearsay testimony). The operative information and facts were available to the petitioner approximately two years before she filed the present petition. Neither the purported actions of counsel nor the absence of a trial transcript justifies tolling the one-year period of limitation under § 2244(d)(1)(D). By 1996, the petitioner was on

---

[2] The petitioner has submitted a statement from a Staff Psychologist at the prison which provides that she did ask for special permission for access to legal materials in June 1997. The statment also provides that the petitioner has a state job which limits her access to the library. (Doct. 18, Ex F).

notice that counsel were no longer representing her interests. She should have commenced the post-conviction review process instead of waiting over a half year until she obtained a copy of the trial transcript.

Were this court to allow the petitioner to proceed on the merits, that would defeat the purpose and intent behind AEDPA's implementation of the one-year limitation. Further, her complaint regarding the availability of time and legal resources to pursue her claims while in prison is a situation most, if not all, inmates find themselves. To toll the period in this case would require the court to apply equitable principles clearly not intended by AEDPA. It would also require this court to ensure the adequacy of the time and resources available to the petitioner to pursue her claims.

## II. CONCLUSION

Upon a consideration of the entire file in this action together with the Magistrate Judge's Report and Recommendation and the objections of the petitioner, the court has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, the petition for writ of habeas

corpus is due to be dismissed with prejudice as being barred by the one-year statute of limitations. 28 U.S.C. § 2244(d)(1). An appropriate order will be entered.

DONE, this the 28 day of April, 1999.

*[signature]*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE